Dismissed and Memorandum Opinion filed March 31, 2005









Dismissed and Memorandum Opinion filed March 31, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00077-CV

____________

 

VIRGIL LEE GREENWOOD,
Appellant

 

V.

 

FRED M. HEACOCK,
Appellee

 



 

On Appeal from the 333rd District
Court

Harris County, Texas

Trial Court Cause No.
01-52840

 



 

M E M O R A N D U M  O
P I N I O N

This is an appeal from a judgment signed October 5,
2004.  No clerk=s record has been filed.  The clerk responsible for preparing the
record in this appeal informed the court appellant did not make arrangements to
pay for the record.  

On February 22, 2005, notification was transmitted to all
parties of the Court's intent to dismiss the appeal for want of prosecution
unless, within fifteen days, appellant paid or made arrangements to pay for the
record and provided this court with proof of payment.  See Tex.
R. App. P. 37.3(b).








Appellant has filed several responses.  On February 24, 2005, appellant filed a
declaration of inability to pay costs. 
On March 1, 2005, appellant filed a letter stating that he had mailed a
copy of his motion regarding inability to pay the costs of appeal to the
district court.  On March 16, 2005,
appellant filed a letter attaching a notice that his affidavit of indigence was
filed with the Harris County District Clerk on March 7, 2005.

Rule 20.1 contains the procedure for asserting indigence on
appeal.  The party filing an affidavit of
indigence must file the affidavit in the trial court with or before the notice
of appeal.  Tex. R. App. P. 20.1(c)(1). 
In this case, appellant failed to timely file an affidavit of indigence
with the trial court.  Because appellant
has not established his entitlement to proceed without advance payment of costs
and has not provided proof of payment for the clerk=s record, we must dismiss this appeal
for want of prosecution.

Furthermore, on March 7, 2005, the court issued a notice of
nonpayment of the filing fee on appeal. 
Appellant=s response to this notice was that he had filed an affidavit
of indigence in the trial court. 
However, as discussed above, this affidavit was not timely filed.  Accordingly, we may also dismiss this appeal
for nonpayment of the filing fee.  See
Tex. R. App. P. 42.3(c) (allowing
involuntary dismissal of case because
appellant has failed to comply with notice from clerk requiring response or
other action within specified time).  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed March 31, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson.